The City of Shaker Heights, Appellee, v. Mosely, Appellant.

[Cite as *Shaker Hts. v. Mosely,* 113 Ohio St.3d 329, 2007-Ohio-2072.]

(No. 2005–2411—Submitted December 13, 2006—Decided May 16, 2007.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} The question before the court is whether minor misdemeanor disorderly conduct under R.C. 2917.11(A)(1) is a lesser included offense of domestic violence under Shaker Heights Codified Ordinances ("S.H.C.O.") 737.14(c) and R.C. 2919.25(C). We hold that it is and therefore affirm the judgment of the court of appeals.

## II. Facts and Procedural History

{¶ 2} Several years ago, appellant, Ervin B. Mosely Jr., and the victim, Ayana Al–Jeleel, had a son. Al–Jeleel had residential custody of their son, but Mosely had visitation rights. Recently, while playing with his then four-year-old son, Mosely noticed welt marks on his back and legs. Mosely called Al–Jeleel and accused her of abusing their son. Al–Jeleel testified that during the call, Mosley threatened to cause her bodily harm or to kill her. Mosely denied threatening any harm.

{¶ 3} Appellee, the city of Shaker Heights, charged Mosely with domestic violence in violation of S.H.C.O. 737.14(c). The trial judge found him not guilty of domestic violence, but guilty of the lesser included offense of persistent disorderly conduct under R.C. 2917.11(A)(1), a fourth-degree misdemeanor.

{¶ 4} The Eighth District Court of Appeals held that the trial court erred in holding that persistent disorderly conduct is a lesser included offense of domestic violence. However, the court of appeals did conclude that minor misdemeanor disorderly conduct under R.C. 2917.11(A)(1) is a lesser included offense of domestic violence. Accordingly, the court modified Mosely's conviction to minor misdemeanor disorderly conduct and remanded the case to the trial court for resentencing.

{¶ 5} This cause is now before this court pursuant to our acceptance of Mosely's discretionary appeal.

## III. Analysis

{¶ 6} Mosely alleges that minor misdemeanor disorderly conduct is not a lesser included offense of domestic violence. Our first step is to examine the ordinance and statutes involved. The city charged Mosely with violating S.H.C.O. 737.14(c), which states, "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." Because this language is identical to that found in R.C. 2919.25(C), our analysis herein will apply to this provision as well.

{¶ 7} "Disorderly conduct" is defined in various ways under R.C. 2917.11.[1] The court of appeals found Mosely guilty of disorderly conduct under R.C. 2917.11(A)(1), which provides:

---

1. {¶ a} R.C. 2917.11 provides:

{¶ b} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

{¶ c} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

{¶ d} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;

{¶ e} "(3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;

{¶ f} "(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;

{¶ g} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender.

{¶ h} "(B) No person, while voluntarily intoxicated, shall do either of the following:

{¶ i} "(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others;

{¶ j} "(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.

{¶ k} "(C) Violation of any statute or ordinance of which an element is operating a motor vehicle, locomotive, watercraft, aircraft, or other vehicle while under the influence of alcohol or any drug of abuse, is not a violation of division (B) of this section.

{¶ l} "(D) If a person appears to an ordinary observer to be intoxicated, it is probable cause to believe that person is voluntarily intoxicated for purposes of division (B) of this section.

{¶ m} "(E)(1) Whoever violates this section is guilty of disorderly conduct.

{¶ n} "(2) Except as otherwise provided in division (E)(3) of this section, disorderly conduct is a minor misdemeanor.

{¶ o} "(3) Disorderly conduct is a misdemeanor of the fourth degree if any of the following applies:

{¶ 8} "No person shall recklessly cause inconvenience, annoyance, or alarm to another," by "[e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." Disorderly conduct is a minor misdemeanor, unless the offender engages in certain additional conduct, such as ignoring a request to cease and desist, in which case the offense becomes a fourth-degree misdemeanor. See R.C. 2917.11(E)(1), (2), and (3).

{¶ 9} We now look to the test for determining when an offense may be a lesser included offense of the charged offense.

## A. The *Deem* Test

{¶ 10} Ohio law permits a trier of fact to consider three types of lesser offenses when determining a defendant's guilt: "(1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses." *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph one of the syllabus, construing R.C. 2945.74 and Ohio Crim.R. 31(C). In this case, we are concerned with lesser included offenses only. "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Id. at paragraph three of the syllabus.

{¶ 11} In determining whether an offense is a lesser included offense of the charged offense, " 'the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense.' " *State v. Barnes* (2002), 94 Ohio St.3d 21, 26, 759

---

{¶ p} "(a) The offender persists in disorderly conduct after reasonable warning or request to desist.

{¶ q} "(b) The offense is committed in the vicinity of a school or in a school safety zone.

{¶ r} "(c) The offense is committed in the presence of any law enforcement officer, firefighter, rescuer, medical person, emergency medical services person, or other authorized person who is engaged in the person's duties at the scene of a fire, accident, disaster, riot, or emergency of any kind.

{¶ s} "(d) The offense is committed in the presence of any emergency facility person who is engaged in the person's duties in an emergency facility.

{¶ t} "(F) As used in this section:

{¶ u} "(1) 'Emergency medical services person' is the singular of 'emergency medical services personnel' as defined in section 2133.21 of the Revised Code.

{¶ v} "(2) 'Emergency facility person' is the singular of 'emergency facility personnel' as defined in section 2909.04 of the Revised Code.

{¶ w} "(3) 'Emergency facility' has the same meaning as in section 2909.04 of the Revised Code.

{¶ x} "(4) 'Committed in the vicinity of a school' has the same meaning as in section 2925.01 of the Revised Code."

N.E.2d 1240, quoting *State v. Kidder* (1987), 32 Ohio St.3d 279, 282, 513 N.E.2d 311; see, also, *State v. Koss* (1990), 49 Ohio St.3d 213, 218–219, 551 N.E.2d 970. However, the evidence in a particular case is relevant in determining whether a trial judge should instruct the jury on the lesser included offense. If the evidence is such that a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense, then the judge should instruct the jury on the lesser offense. *State v. Shane* (1992), 63 Ohio St.3d 630, 632–633, 590 N.E.2d 272.

{¶ 12} Both parties and the court of appeals have noted that the appellate districts are divided on whether disorderly conduct, as a minor misdemeanor, is a lesser included offense of domestic violence. Indeed, the Third, Fourth, Fifth, Eleventh, and Twelfth District Courts of Appeals have held that disorderly conduct under R.C. 2917.11 is a lesser included offense of domestic violence under R.C. 2919.25(A) or (B). See *State v. Stuber* (3d Dist. 1990), 71 Ohio App.3d 86, 593 N.E.2d 48; *State v. Wilhelm* (Aug. 5, 1996), 4th Dist. No. 95CA2123, 1996 WL 447957; *State v. Hunt* (Mar. 18, 1996), 5th Dist. No. 95CA0226, 1996 WL 132268; *State v. Kutnar* (Sept. 30, 1999), 11th Dist. No. 98–L–117, 1999 WL 960943; and *State v. Burgess* (12th Dist. 1992), 79 Ohio App.3d 584, 607 N.E.2d 918. But the Second and Seventh District Courts of Appeals have held that it is not. See *State v. Schaefer* (Apr. 28, 2000), 2nd Dist. No. 99 CA 88, 2000 WL 492094, and *State v. Blasdell*, 155 Ohio App.3d 423, 2003-Ohio-6392, 801 N.E.2d 853 (7th Dist.). The disagreement in these cases arises from the second prong of the *Deem* test regarding lesser included offenses, i.e., whether commission of the greater offense always also results in the commission of the lesser included offense.

{¶ 13} We now proceed to apply *Deem* to determine whether minor misdemeanor disorderly conduct under R.C. 2917.11(A)(1) is a lesser included offense of domestic violence under S.H.C.O. 737.14(c) and R.C. 2919.25(C). Because the second prong of the *Deem* test is the disputed issue in this case, we will address it last.

### 1. Disorderly Conduct Carries a Lesser Penalty

{¶ 14} The court of appeals modified Mosely's conviction from persistent disorderly conduct, a fourth-degree misdemeanor under R.C. 2917.11(E)(3)(a), to disorderly conduct, a minor misdemeanor. See R.C. 2917.11(E)(2). Domestic violence under S.H.C.O. 737.14(c) is a first-degree misdemeanor, and under R.C. 2919.25(C) it ranges from being a fourth-degree misdemeanor to a first-degree misdemeanor, depending on the defendant's criminal history.[2] Thus, disorderly

---

2. Domestic violence under R.C. 2919.25(C) is a fourth-degree misdemeanor. R.C. 2919.25(D)(2). If the offender has a prior domestic-violence conviction, then domestic violence under this subsection

conduct under R.C. 2917.11(A) provides a lesser penalty than does domestic violence under S.H.C.O. 737.14(c) and R.C. 2919.25(C). Therefore, disorderly conduct satisfies the first prong of the *Deem* test.

### 2. Domestic Violence Requires an Additional Element

{¶ 15} Domestic violence must be committed against "a family or household member." S.H.C.O. 737.14(c); R.C. 2919.25(C). Disorderly conduct does not require that there be any type of relationship between the perpetrator and the victim. See R.C. 2917.11. Therefore, under the domestic-violence provisions herein, the element that the victim must be "a family or household member" is not required to prove the offense of disorderly conduct. Thus, disorderly conduct satisfies the third prong of the *Deem* test.

### 3. Committing Domestic Violence Always Results in Committing Disorderly Conduct

{¶ 16} Mosely makes two arguments why committing domestic violence does not always result in committing disorderly conduct. His first argument is that it is possible for an offender to commit domestic violence, i.e., cause or attempt to cause physical harm without also causing "inconvenience, annoyance, or alarm to the victim." The cases that have adopted this reasoning cite a scenario in which the perpetrator throws an object at the victim who is not looking at the perpetrator, but misses the target, and thus the victim suffers no inconvenience, annoyance, or alarm. *State v. Blasdell,* 155 Ohio App.3d 423, 2003-Ohio-6392, 801 N.E.2d 853, ¶ 21, citing *State v. Schaefer,* Greene App. No. 99 CA 88, 2000 WL 492094.

{¶ 17} We find both *Schaefer* and *Blasdell* distinguishable because in those cases, the state charged the defendant with domestic violence under R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." In the instant case, the city charged Mosely under S.H.C.O. 737.14(c), which provides that "[n]o person, by threat of force, shall knowingly cause a family or household member *to believe* that the offender will cause *imminent physical harm* to the family member or household member." (Emphasis added.) See, also, R.C. 2919.25(C) (with identical language). Pursuant to this language, the family member *must be aware* of the offender's threat and of the offender's intent to cause him or her *imminent harm.* Thus, under S.H.C.O. 737.14(c) and R.C. 2919.25(C), an offender cannot "by threat of force * * * knowingly cause a family or household member to believe

---

is elevated to a second-degree misdemeanor. R.C. 2919.25(D)(3). Finally, if the offender has two or more domestic-violence convictions, then domestic violence under this subsection is elevated to a first-degree misdemeanor. R.C. 2919.25(D)(4).

that the offender will cause imminent physical harm to the family or household member" without also recklessly causing the family or household member "inconvenience, annoyance, or alarm." R.C. 2917.11(A)(1).

{¶ 18} Relying on the reasoning in *State v. Neal* (Sept. 1, 1998), 10th Dist. No. 97APA12–1676, 1998 WL 614628, Mosely also argues that committing domestic violence never results in committing disorderly conduct because the elements of the two crimes differ in nature. In *Neal*, the court held that disorderly conduct was not a lesser included offense of assault. The court reasoned that annoyance and alarm are "mental states and therefore, are not part of the concept of physical harm set forth in the assault statute." Id. Relying on *Neal*, and likening assault to domestic violence, Mosely argues that committing domestic violence will never result in the offender also committing disorderly conduct.

{¶ 19} We conclude that distinguishing between the "physical" elements of domestic violence under S.H.C.O. 737.14(c) and the "mental" elements of disorderly conduct under R.C. 2917.11(A)(1) is immaterial for purposes of the *Deem* analysis. The second prong of the *Deem* test merely states that an offense is lesser included if "the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed." *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294, at paragraph three of the syllabus. Thus, we agree with the court in *State v. Burgess*, which stated that " ' "it is not significant that the common elements of these two offenses were not stated in identical language in the statutes, because these common elements are implicit in the conduct that constitutes the offenses." ' " *Burgess*, 79 Ohio App.3d at 588, 607 N.E.2d 918, quoting *State v. Amos* (Jan. 15, 1988), Lake App. No. 12–088, 1988 WL 4622, quoting *State v. Roberts* (1982), 7 Ohio App.3d 253, 255, 7 OBR 333, 455 N.E.2d 508. Thus, if a person commits an act, even a physical one, against a victim, and that act causes the victim to experience inconvenience, annoyance, or alarm, then the second prong in *Deem* is satisfied irrespective of the differing nature of the elements of the crimes at issue. Accordingly, we hold that domestic violence cannot be committed under S.H.C.O. 737.14(c) and R.C. 2919.25(C) without disorderly conduct under R.C. 2917.11(A)(1) also being committed. As a result, disorderly conduct satisfies the second prong of the *Deem* test.

{¶ 20} Thus, disorderly conduct under R.C. 2917.11(A)(1) satisfies all three prongs of the *Deem* test. Accordingly, we hold that minor misdemeanor disorderly conduct under R.C. 2917.11(A)(1) is a lesser included offense of domestic violence under S.H.C.O. 737.14(c) and R.C. 2919.25(C).

## IV. Conclusion

{¶ 21} In the instant case, only three witnesses were called at trial: Mosely, Al–Jeleel, and Rita Pearson, Mosely's fiancée. Al–Jeleel testified that Mosely

had called her at work and accused her of physically abusing their son, Ervin. She testified: "[Mosely] called me a bitch. He said, I'm going to F you up because [Ervin] has marks on him, and I was not able to tell him where the marks came from. He told me that he was going to kill me." Al–Jeleel testified that Mosley's call caused her to fear for her safety. Nevertheless, Al–Jeleel told Mosely that she would be over to pick up their son the next day. In fact, Al–Jeleel did pick up her son from Mosely the next day without being assaulted.

{¶ 22} Mosely admitted that he was upset and that he used an "unpleasant tone" during his conversation with Al–Jeleel. However, he denied threatening Al–Jeleel with physical harm or death. He also testified that, subsequent to the call, he continued to visit Al–Jeleel's home periodically. Pearson, who was Mosely's fiancée, essentially corroborated his testimony.

{¶ 23} From this evidence, we conclude that it is possible that a trier of fact could find Mosely not guilty of threatening Al–Jeleel to the degree that she believed that Mosely was going to cause her imminent harm, but guilty of threatening her to the extent that he recklessly caused Al–Jeleel inconvenience, annoyance, or alarm. As a result, we hold that a trier of fact could conclude that there was insufficient evidence to support a domestic-violence conviction, but sufficient evidence to support disorderly-conduct conviction. *Shane*, 63 Ohio St.3d at 632–633, 590 N.E.2d 272. Thus, the court of appeals did not err in modifying Mosely's conviction to disorderly conduct.

{¶ 24} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., SADLER, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

LISA SADLER, J., of the Tenth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

—————

C. Randolph Keller, Shaker Heights Chief Prosecuting Attorney, for appellee.

Christopher R. Fortunato, for appellant.