[Cite as *State v. Swint*, 2022-Ohio-976.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 21CA09 |
| | : | |
| ROBERT SWINT | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Knox County Court of
                                 Common Pleas, Case No. 20CR11-
                                 0287

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          March 25, 2022

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

CHARLES T. MCCONVILLE                      JOHN S. PYLE
KNOX COUNTY PROSECUTOR                      KNOX CO. PUBLIC DEFENDER
117 E. High Street, Suite 234              110 E. High Street
Mount Vernon, OH 43050                     Mount Vernon, OH 43050

*Delaney, J.*

{¶1}   Appellant Robert Swint appeals from the March 26, 2021 Sentencing Entry of the Knox County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   The following evidence is adduced from the record of appellant's jury trial.

{¶3}  This case arose on November 12, 2020, when Joshua Goheen and Holly Daniels spent the night in a tent-like structure on a riverbank outside of Mount Vernon, Ohio. Goheen is homeless and the tent was his residence at this time. The structure consisted of a sleeping tent covered by a tarp to keep out the rain.

{¶4} Goheen and Daniels had an on-and-off relationship.  Daniels had a child with appellant, Robert Swint. Appellant and Daniels lost custody of the child, and as a result, appellant admittedly sought information on Daniels' whereabouts and activities.

{¶5} The tent's location was a short distance into the woods, approximately a quarter-mile hike up a railroad track and over a hill. Sometimes other people lived in the woods nearby, and appellant claimed in his testimony he was looking for someone other than Daniels.  Nevertheless,  he came upon Goheen's tent and observed Daniels' bicycle outside the tent.

{¶6} Goheen and Daniels testified they were awakened by appellant yelling and slashing at the tent, trying to catch it on fire with a torch-type lighter while they were inside. Appellant was yelling for Daniels to come out. Goheen emerged from the tent and appellant threatened to kill him, brandishing a machete and attempting to light the edge of the tarp.  Goheen grabbed a baseball bat and used the end of the bat to tap out the

spots where the tarp caught fire. Goheen re-entered the tent and when he emerged, appellant struck him in the head with the machete.

{¶7} To defuse the situation, Daniels voluntarily left the scene with appellant. She testified for appellee at trial and was a volatile witness. She confirmed Goheen's account, testifying that she awoke to appellant yelling, "get the fuck out of here," and banging on the tent with the machete. She saw appellant strike Goheen with the machete, causing his head to bleed profusely. She confirmed appellant attempted to light the tent on fire.

{¶8} Goheen sought treatment at Knox Community Hospital for the injury to his scalp. A physician's assistant who treated him confirmed he had a deep 2-inch gash to his head, consistent with a long, bladed instrument. The wound was closed with twelve staples and Goheen still suffers from headaches from the injury.

{¶9} Police investigated the scene in the light of day and observed fresh burn marks and melted plastic on the tarp, close to the area where Goheen and Daniels had been sleeping. When appellant was eventually located and arrested, he had a torch lighter on his person.

{¶10} Appellant was charged by indictment as follows: Count I, attempted aggravated arson pursuant to R.C. 2923.02(A) and R.C. 2909.02(A)(1), a felony of the second degree; Count II, felonious assault against Joshua Goheen pursuant to R.C. 2903.11(A)(1), a felony of the second degree; Count III, felonious assault against Joshua Goheen pursuant to R.C. 2903.11(A)(2), a felony of the second degree; Count IV, attempted murder of Joshua Goheen pursuant to R.C. 2923.02(A) and R.C. 2903.02(A),

a felony of the first degree; and Count V, attempted murder of Holly Daniels pursuant to R.C. 2923.02(A) and R.C. 2903.02(A), a felony of the first degree.

{¶11} Appellant entered pleas of not guilty and the matter proceeded to trial by jury. Before the trial began, appellee dismissed Count V. Appellant was found guilty upon Count I, attempted aggravated arson. He was found guilty upon the lesser offense of aggravated assault, a felony of the fourth degree, in Count II. Appellant was found guilty upon Count III, felonious assault. Appellant was found not guilty upon Count IV, attempted murder.

{¶12} The trial court ordered a pre-sentence investigation and scheduled sentencing for March 25, 2021.

{¶13} On that date, the trial court imposed an indefinite prison term of a minimum term of 5 years and a maximum term of 7 ½ years upon Count I, and an indefinite prison term of a minimum term of 5 years and a maximum term of 7 ½ years upon Count III, to be served concurrently. The trial court further found that Counts II and III merged, and appellee elected to sentence upon Count III.

{¶14} Appellant now appeals from the trial court's Sentencing Entry of March 26, 2021.

{¶15} Appellant raises ten assignments of error:

## ASSIGNMENTS OF ERROR

{¶16} "I. THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR ATTEMPTED AGGRAVATED ARSON AS ALLEGED IN COUNT I."

{¶17} "II. THE APPELLANT'S CONVICTION FOR ATTEMPTED AGGRAVATED ARSON WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶18} "III. IN REGARD TO COUNT I, THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO INSTRUCT THE JURY ON THE LESSER OFFENSE OF ARSON OR, IN THE ALTERNATIVE, DEFENSE COUNSEL'S FAILURE TO REQUEST THAT INSTRUCTION CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶19} "IV. THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR FELONIOUS ASSAULT OR AGGRAVATED ASSAULT BECAUSE THE STATE FAILED TO PROVE THAT MR. SWINT DID NOT ACT IN SELF-DEFENSE AND THERE WAS INSUFFICIENT EVIDENCE THAT HE INFLICTED SERIOUS PHYSICAL HARM."

{¶20} "V. THE APPELLANT'S CONVICTION OF FELONIOUS ASSAULT AS ALLEGED IN COUNT III WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶21} "VI. THE APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL BECAUSE THE TRIAL COURT'S JURY INSTRUCTIONS CONCERNING COUNT III WERE INACCURATE AND CONFUSING."

{¶22} "VII. THE TRIAL COURT DENIED APPELLANT HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY NOT ALLOWING HIM TO PRESENT HIS DEFENSE TO ATTEMPTED AGGRAVATED ARSON."

{¶23} "VIII. THE PROSECUTOR CREATED PREJUDICIAL ERROR BY OFFERING, AND ATTEMPTING TO OFFER, TESTIMONY ABOUT UNCHARGED AND UNPROVEN 'BAD ACTS.'"

{¶24} "IX. THE APPELLANT WAS DENIED A FAIR TRIAL BECAUSE OF THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS."

{¶25} "X. THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS IN SENTENCING HIM TO AN INDEFINITE PRISON TERM."

**ANALYSIS**

{¶26} In an attempt to clarify and address each of appellant's arguments, his assignments of error will be addressed out of order.

I., II., III., VII.

{¶27} Appellant challenges his conviction upon Count I, attempted aggravated arson, on several grounds, asserting the conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. Appellant further argues the jury should have been instructed upon the lesser-included offense of arson, or alternatively, defense trial counsel was ineffective in failing to request a jury instruction upon the lesser-included offense. Finally, appellant argues the trial court wrongfully prevented him from presenting a defense to the charge. We disagree.

*Conviction of attempted aggravated arson not against manifest weight and sufficiency of the evidence*

{¶28} Appellant was found guilty upon one count of attempted aggravated arson pursuant to R.C. 2923.02(A), which states, "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense;" and R.C. 2909.02(A)(1), which states, "No person, by means of fire or explosion, shall knowingly * * * [c]reate a substantial risk of serious physical harm to any person other than the offender."

{¶29} In his first and second assignments of error, appellant contends his conviction is against the manifest weight and sufficiency of the evidence. The legal

concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶30} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶31} The issue before the jury in Count I was whether appellant knowingly caused a substantial risk of serious harm to the occupants of the tent by attempting to set it on fire. See, *State v. Davis*, 2015-Ohio-889, 31 N.E.3d 1204 (5th Dist.), ¶ 64.

{¶32} Appellee presented evidence that Goheen lived in a "tent within a tent" on a riverbank in Knox County; the tent Goheen slept in was covered by a plastic tarp. During the late-night hours of November 12, 2020, into the early-morning hours of November 13, 2020, Goheen and Daniels were asleep in the tent when they were awakened by appellant yelling, "Who's in there with you?" During the ensuing confrontation with appellant, Goheen observed appellant attempt to light the "awning" of the tent on fire with a torch lighter. Appellant caught the awning on fire in several different spots and Goheen used a baseball bat to put them out. Goheen and Daniels both testified unequivocally appellant was attempting to set the tent on fire. When appellant was arrested, a torch lighter was found upon his person.

{¶33} During the resulting investigation, police observed burn marks and melting damage to the tent; appellee entered photographs of the damage into evidence at trial. Some of the burn marks were within a few feet of the area where Goheen and Daniels were sleeping.

{¶34} Appellant argues, though, that his intent was merely to "generate enough smoke" to get Daniels out of the tent. Upon our review of the record, we find no support for appellant's proposition that he was merely trying to "smoke" anyone out of the tent. Instead, appellant's own testimony established he knowingly caused a substantial risk of serious harm to the occupants of the tent by attempting to set it on fire

{¶35} Appellant testified extensively on his own behalf, in a narrative fashion. During his testimony upon direct examination, appellant pointed to a photo of the damage to the tent and acknowledged, "I burnt the tent right in this area." T. I., 166.

{¶36} Appellant's testimony upon direct examination continues in pertinent part:

* * * *.

[DEFENSE TRIAL COUNSEL]: Okay, but my question was did the tarp burst into flame?

[APPELLANT]: No, it didn't burst into flame. It's got like little—I lit it with a torch lighter, the flame's like this big on the torch lighter, a cigarette torch lighter, it's like this big. It's smaller they're little. But I did it like six or seven times. It didn't burst into flame, but it kind of like rolled a little bit. Josh hit it with the bat. That's when--

[DEFENSE TRIAL COUNSEL]: Why did you expose the tarp to the flame of your lighter?

[APPELLANT]: Why did I what?

[DEFENSE TRIAL COUNSEL]: Why did you expose the tarp? Why did you put the lighter up to the tarp?

[APPELLANT]: I felt provoked. He attacked me. I was, you know, it was senseless rage. I had seen things in the tent that concerned me about getting my daughter back, I wasn't happy at all with the situation. I didn't want to be there. Holly was taking her time, kind of nodding out--

[DEFENSE TRIAL COUNSEL]: Okay. So after all this happens, you and Holly leave, right?

[APPELLANT]: What's that, sir?

[DEFENSE TRIAL COUNSEL]: After all this happens you and Holly leave together?

[APPELLANT]:  Yes, sir, we did.

* * * *.

T. I., 167-168.

{¶37}  Appellant further argues that appellee defeated its own case in indicting him upon *attempted* aggravated arson, because the "attempt" implies that appellant did not knowingly intend to create a serious risk of substantial physical harm to anyone.  The fact that the tarp was not engulfed in flames while Goheen and Daniels were in it is not because of any effort of appellant, however; Goheen put the flames out with the bat.  The attempted aggravated arson offense cannot be viewed in a vacuum, either; as appellant attempted to light the tarp on fire, Goheen struggled to put it out, and appellant struck Goheen with the machete.

{¶38} Based on the testimony and exhibits presented at trial, we find sufficient evidence to support appellant's conviction for aggravated arson and further find that the jury verdict was not against manifest weight of the evidence.

*No plain error in trial court's instructions upon Count I*

{¶39} In his third assignment of error, appellant argues the trial court should have sua sponte instructed the jury upon the lesser-included offense of arson, or in the alternative, defense trial counsel was ineffective in failing to request an instruction upon the lesser offense. We note appellant raises the former argument summarily, implying the trial court should have given an arson instruction before moving on to the ineffective-assistance claim. Appellant cites no authority in support of his claim that he was entitled to an arson instruction.

{¶40} "[A]fter arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen,* 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus.

{¶41} Crim.R.30 provides that a party must object to an omission in the court's instructions to the jury in order to preserve the error for appeal. If an objection is not made in accordance with Crim.R. 30, or the defendant fails to submit a required written jury instruction, Crim.R. 52(B), the plain error doctrine, applies. *State v. Dorsey*, 5th Dist. Stark No. 2014CA00217, 2015–Ohio–4659, ¶ 61, citing *Williford, supra,* and *State v. Gideons,* 52 Ohio App.2d 70, 368 N.E.2d 67 (8th Dist.1977).

{¶42} In the instant case, appellant concedes he did not request orally or in writing the arson instruction  he now contends should have been given by the trial court. Accordingly, our review of the alleged error must proceed under the plain error rule of Crim. R. 52(B). *Dorsey*, supra, at ¶ 64.

{¶43} Appellant was convicted upon one count of aggravated arson pursuant to R.C. 2909.02(A)(1), supra. Appellant argues the trial court should have instructed the jury upon the lesser-included offense of arson pursuant to R.C. 2909.03(A)(1), which states, "No person, by means of fire or explosion, shall knowingly * * * [c]ause, or create a substantial risk of, physical harm to any property of another without the other person's consent."

{¶44} "Ohio law permits a trier of fact to consider three types of lesser offenses when determining a defendant's guilt: '(1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser

included offenses.' *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph one of the syllabus, construing R.C. 2945.74 and Ohio Crim.R. 31(C)". *State v. Hunter*, 5th Dist. Richland No. 2020 CA 0056, 2021-Ohio-1714, ¶ 23, citing *Shaker Heights v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 10. "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *Id.,* at ¶ 25, citing *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus. In making this determination, the court must view the evidence in a light most favorable to defendant. *Id.*, citing *State v. Smith*, 89 Ohio St.3d 323, 331, 731 N.E.2d 645 (2000).

{¶45} The mere existence of "some evidence" a defendant may have committed a lesser offense does not require a jury instruction upon the lesser offense; otherwise, the trial court would always be required to provide instructions upon lesser-included or inferior-degree offenses, and to do so would needlessly confuse the jury. See, *State v. Hunter*, 5th Dist. Richland No. 2020 CA 0056, 2021-Ohio-1714, ¶ 25, citing *State v. Shane*, 63 Ohio St.3d at 632-633, 590 N.E.2d 272.

{¶46} As noted supra, to prove a violation of R.C. 2909.02(A)(1), appellee was required to prove appellant knowingly caused a substantial risk of serious harm to the occupants of the tent by attempting to set it on fire. The evidence at trial established appellant knew Goheen and Daniels were inside the tent as he attempted to light the tent on fire with the torch lighter. Thus, the evidence submitted at trial would not support an acquittal on the counts of aggravated arson. *State v. Parker*, supra, 12th Dist. Butler No.

CA2017-12-176, 2019-Ohio-830, ¶ 59; *State v. Hunter*, supra, 5th Dist. Richland No. 2020 CA 0056, 2021-Ohio-1714, ¶ 32.

{¶47} Because the aggravated arson instruction was appropriate, there is no merit to the argument that appellant was entitled to an instruction on arson and appellant has not demonstrated plain error. *Id.*

*No ineffective assistance with respect to jury instructions upon Count I*

{¶48} In the alternative, appellant argues that by failing to argue that arson is an inferior degree of aggravated arson, trial counsel's representation fell below an objective standard of reasonable representation.[1]

{¶49} A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶50} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. *Lockhart v. Fretwell*, 506 U .S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶51} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court " * * * need not determine whether counsel's performance was deficient

---

[1] Defense trial counsel is also appellate counsel.

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, *quoting Strickland* at 697.

{¶52} Having reviewed the record that appellant cites in support of his claim that he was denied effective assistance of counsel, we find appellant was not prejudiced by defense counsel's representation of him. The result of the trial was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. *State v. Hunter*, 5th Dist. Richland No. 2020 CA 0056, 2021-Ohio-1714, ¶ 37.

{¶53} The trial evidence would not support an acquittal upon the count of aggravated arson. Because the aggravated arson instruction was appropriate, there is no merit to the argument that appellant was entitled to an instruction on arson. Therefore, trial counsel's failing to argue that arson is an inferior degree of aggravated arson did not prejudice appellant. *Id.,* ¶ 38; see, *State v. Parker*, 12th Dist. Butler No. CA2017-12-176, 2019-Ohio-830, ¶ 65.

*Trial court did not err in excluding inadmissible character evidence of witness*

{¶54} Finally with regard to Count I, appellant argues the trial court wrongfully prevented him from presenting a defense to the charge, i.e., that he was merely attempting to "smoke" Daniels out of the tent, not to set the tent on fire.

{¶55} First, we disagree with appellant's characterization of the sidebar discussion. During opening statement, defense trial counsel said the child of appellant and Daniels was born with methamphetamine in her system; Children's Services was involved with the family; and "[Daniels] did not pass [a] drug test--." T. 22. At that point appellee objected, arguing the evidence was irrelevant and Daniels was never charged with a drug offense. Defense trial counsel argued that Daniels' purported drug use went

to "motive," specifically, Daniels promised appellant she was going to get clean "[a]nd then she's in this tent, and he believes she's there at the tent to get and use drugs." We have reviewed the record cited by appellant, and find no reference to appellant attempting to "smoke" Daniels out of the tent. The sidebar discussion does not establish that appellant sought to prove he attempted to light the tent on fire for any purpose other than harming Daniels or Goheen. Inadmissible evidence of Daniels' drug use does not go to appellant's intent in lighting the tent on fire.

{¶56} Appellant does not tell us, and we do not discern, upon what grounds his allegations of Daniels' drug use are admissible. We disagree that his unsubstantiated allegations should be admitted under the umbrella of his right to present a complete defense.

{¶57} Appellant's arguments regarding his conviction upon Count I are not well-taken and we therefore overrule assignments of error I, II, III, and VII.

IV., V., VI.

{¶58} Appellant's fourth, fifth, and sixth assignments of error relate to his convictions upon Count II (the lesser offense of aggravated assault) and Count III (felonious assault with a deadly weapon). Appellant argues these convictions are against the manifest weight and sufficiency of the evidence, and that the trial court's jury instructions upon Count III were confusing. Appellant also cites a purportedly inconsistent verdict because he was convicted of a lesser offense upon Count II which required the jury to find evidence of provocation. We disagree.

{¶59} Appellant was originally indicted upon two counts of felonious assault, both representing the same conduct: his attack upon Goheen with the machete. In Count II,

the jury found him guilty upon the lesser-included offense of aggravated assault pursuant to R.C. 2903.12(A)(1), which states in pertinent part, "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly [c]ause serious physical harm to another * * *." In Count III, the jury found appellant guilty of felonious assault pursuant to R.C. 2903.11(A)(2), which states, R.C. 2903.11(A)(2) No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

{¶60} Appellant argues his conviction upon Count III, felonious assault by means of a deadly weapon, is inconsistent with his conviction upon the lesser offense in Count II. He further argues his convictions are not supported by sufficient evidence and are against the weight of the evidence because appellee failed to disprove self-defense.

*Aggravated assault conviction supported by sufficient evidence*

{¶61} At trial, appellee used the testimony of Goheen and Daniels to establish that appellant struck Goheen in the head with a machete. The machete was described as approximately 20 inches long; Goheen was left with his scalp bleeding profusely and required twenty staples to close the wound. Appellant argues this is not "serious physical harm" sufficient to prove aggravated assault pursuant to R.C. 2903.12(A)(1).

{¶62} R.C. 2901.01(A)(5) defines "serious physical harm" in relevant part as any of the following:

> * * * *.

> (b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶63} Goheen described 12 staples in his head which were removed a week later. He suffers from ongoing headaches as a result of this incident. The physician assistant who treated Goheen at the hospital described the wound as long, wide, and deep; if Goheen had not sought treatment, he could have sustained a loss of his scalp and hair. This type of wound presents a risk of infection. This testimony, combined with the photographs and medical records, provided sufficient evidence from which the jury could find Goheen suffered serious physical harm. *State v. Pearson*, 5th Dist. Stark No. 2017CA00013, 2017-Ohio-8396, ¶ 24, citing *State v. Combs*, 5th Dist. Stark No, 2001CA00222, 2002 WL 391688 (March 11, 2002). Appellant's argument that twelve staples to the head is not evidence of serious physical harm is not well-taken. See, e.g., *State v. Brime*, 10th Dist. Franklin No. 09AP-491, 2009-Ohio-6572, ¶ 34 [gash to the head closed with stitches]; *State v. Reckers,* 1st Dist. No. C–060451, 2007–Ohio–3679, ¶ 16 [cuts and abrasions to head and face requiring staples and resulting in scar]; *State v. Brown,* 9th Dist. No. 04CA008510, 2005–Ohio–2141, ¶ 16–17[victim hit in head with

handgun resulting in profuse bleeding from scalp necessitating staples]; *State v. Studgions,* 8th Dist. Cuyahoga No. 94153, 2010–Ohio–5480, ¶ 10 [need for stitches constitutes serious physical harm for purposes of a felonious assault conviction]; *State v. Powell*, 11th Dist. Lake No. 2007-L-187, 2009-Ohio-2822, ¶ 44-45 [serious physical harm where victim struck on the back of the head with beer glass, resulting in gash requiring eight stitches].

*Appellee did not fail to disprove self-defense and conviction upon Count III not against manifest weight of evidence*

{¶64} Appellant further argues appellee failed to disprove he acted in self-defense. Under Ohio law, a person is permitted to act in self-defense. Effective March 28, 2019, R.C. 2901.05 was amended so that self-defense was no longer an affirmative defense and the burden shifted to the prosecution to prove beyond a reasonable doubt that the accused did not use force in self-defense. *State v. Rengert*, 5th Dist. Delaware No. 19 CAA 10 0056, 2021-Ohio-2561, 2021 WL 3161194, ¶ 23. R.C. 2901.05(A), as amended, states, in relevant part:

{¶65} Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense other than self-defense * * * as described in division (B)(1) of this section, is upon the accused.

{¶66} R.C. 2901.05(B)(1) further states:

A person is allowed to act in self-defense, defense of another, or defense of that person's residence. If, at the trial of a person who

is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

{¶67} The elements of self-defense differ depending upon whether the defendant, in defending themselves, used deadly or non-deadly force. "Deadly force" is defined as "any force that carries a substantial risk that it will proximately result in the death of any person." R.C. 2901.01(A)(2). A "substantial risk" means "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). *In re N.K.*, 6th Dist. Sandusky No. S-21-001, 2021-Ohio-3858, 2021 WL 5029661, ¶ 12. In this case, appellee alleged appellant used deadly force in striking Goheen with the machete.

{¶68} Regarding the elements of "deadly force" self-defense, the Supreme Court of Ohio has held:

To establish [deadly force] self-defense, a defendant must prove the following elements: (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; *and* (3) that the defendant did not violate any duty to retreat or avoid the danger.

(Emphasis added.) *State v. Garner*, 5th Dist. Stark No. 2009CA00286, 2010-Ohio-3891, 2010 WL 3278670, ¶¶ 18-19 quoting *State v. Barnes*, 94 Ohio St.3d 21, 24, 759 N.E.2d 1240 (2002), citing *State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus.

{¶69} Prior to the amendment of R.C. 2901.05, the above-stated elements of self-defense were for the defendant to establish by a preponderance of the evidence. *State v. Carney*, 10th Dist. Franklin No. 19AP-402, 2020-Ohio-2691, 2020 WL 2042924, ¶ 31 citing *State v. Martin*, 21 Ohio St.3d 91, 94 (1986). The revision to R.C. 2901.05, however, has placed the burden on the prosecution to disprove at least one of the elements of self-defense beyond a reasonable doubt. *Id*. citing R.C. 2901.05(B)(1); 2019 Am.Sub.H.B. No. 228.2. The Tenth District Court of Appeals determined in *State v. Carney, supra*, that pursuant to the amended statute of self-defense, the prosecution is required to disprove deadly force self-defense by proving beyond a reasonable doubt that the defendant "(1) was at fault in creating the situation giving rise to the affray, OR (2) did not have a bona fide belief that he was in imminent danger of death or great bodily harm for which the use of deadly force was his only means of escape, OR (3) did violate a duty to retreat or avoid the danger." (Emphasis sic.) *Id.* at ¶ 31 citing R.C. 2901.05(B)(1); *Robbins, supra* at paragraph two of the syllabus.

{¶70} In the instant case, appellant argues he was not at fault in creating the situation giving rise to the affray because he "came to the tent due to unforeseen consequences."  To the contrary, we find the evidence established appellant came to the tent, awakened Goheen and Daniels from sleep by yelling, slashing the tent with the

machete, and attempting to set it on fire. The jury could reasonably find appellant did not act in self-defense.

{¶71} Appellant argues the seemingly inconsistent verdicts upon Counts II and III indicate the jury lost its way in response to the trial court's confusing jury instructions. We have already noted that the evidence supported the elements of both offenses. Upon review of the trial court's jury instructions, we agree that the instructions were lengthy and confusing, but we note appellant has failed to point to any incorrect statement of the law. Instead, he concedes he did not file an alternative instruction clarifying some of the issues raised, and there were "prolonged unrecorded discussions about jury instructions." Brief, 9.

*No structural error with respect to jury instructions*

{¶72} Failure to properly instruct a jury is not in most instances structural error, thus the harmless-error rule of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) applies; failure to properly instruct the jury does not necessarily render a trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. *State v. Bleigh,* 5th Dist. Delaware No. 09-CAA-03-0031, 2010-Ohio-1182, 2010 WL 1076253, ¶ 119, citing *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

{¶73} Whether jury instructions correctly state the law is a legal issue that an appellate court reviews de novo. *See, e.g., State v. Dean*, 146 Ohio St.3d 106, 2015–Ohio–4347, 54 N.E.3d 80, ¶ 135; *State v. Whitman*, 5th Dist. Stark No. 2017CA00079, 2018-Ohio-2924, ¶ 54. Although a trial court has "broad discretion to decide how to fashion jury instructions," the trial court must " 'fully and completely' " give the jury all

instructions that are " 'relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.' " *State v. White*, 142 Ohio St.3d 277, 2015–Ohio– 492, 29 N.E.3d 939, ¶ 46, quoting *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus.

{¶74} Appellant complains the given instructions were confusing but offers no alternative. Our question on review is whether the given instructions were so confusing that they affected appellant's substantial rights or contributed to his conviction. *State v. Jackson*, 22 Ohio St.3d 281, 285, 490 N.E.2d 893, 897–98 (1986), citing Crim.R. 52(A); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We find they did not, and conclude there is no structural error in this case. *State v. Whitman*, 5th Dist. Stark No. 2017CA00079, 2018-Ohio-2924, ¶ 63. We have exhaustively reviewed the concise, direct evidence resulting in appellant's convictions and find that the jury did not lose its way.

{¶75} With respect to appellant's argument regarding the apparently inconsistent verdicts upon Counts II and III, inconsistency between verdicts is not grounds for reversal. *State v. Taulbee*, 5th Dist. Fairfield No. 14-CA-5, 2015-Ohio-1004, ¶ 18, citing *State v. Gardner,* 118 Ohio St.3d 420, 2008–Ohio–2787, 889 N.E.2d 995. As we have repeatedly addressed supra, the convictions are supported by sufficient evidence and are not against the weight of the evidence.

{¶76} Appellant's fourth, fifth, and sixth assignments of error are overruled.

VIII.

{¶77} In his eighth assignment of error, appellant argues the prosecutor committed prejudicial error in eliciting testimony indicating the tent was completely burned to the ground some time after the incident in this case.

{¶78} Appellee responds that during Goheen's testimony on direct, the prosecutor asked Goheen why he moved. Before Goheen could respond about the burning of the tent, defense counsel objected and the jury did not hear the explanation about the later burning of the tent.

{¶79} The test for prosecutorial misconduct is whether the prosecutor's remarks and comments were improper and if so, whether those remarks and comments prejudicially affected the substantial rights of the accused. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990), cert denied, 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596 (1990). In reviewing allegations of prosecutorial misconduct, we must review the complained-of conduct in the context of the entire trial. *Darden v. Wainwright,* 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived appellant of a fair trial based on the entire record. *Lott, supra*, 51 Ohio St.3d at 166, 555 N.E.2d 293.

{¶80} In the instant case, the jury did not hear the answer to the objectionable question. The objection was effectively sustained and we find the question did not result in any prejudice to appellant. The eighth assignment of error is overruled.

IX.

{¶81} In his ninth assignment of error, appellant claims cumulative errors in his trial deprived him of a fair trial. We disagree.

{¶82} In *State v. Garner*, 74 Ohio St.3d 49, 64, 656 N.E.2d 623 (1995), the Ohio Supreme Court held pursuant to the cumulative error doctrine "a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal."

{¶83} In the instant case, we do not find multiple instances of harmless error triggering the cumulative-error doctrine, and appellant's ninth assignment of error is therefore overruled.

X.

{¶84} Appellant's tenth assignment of error summarily challenges the constitutionality of the Reagan Tokes Act, which codified hybrid indefinite prison terms for first- and second-degree felonies. Appellant does not specify upon what grounds his sentence is unconstitutional, but asserts his Reagan Tokes challenge is ripe for review.

{¶85} This court has previously addressed the concept of ripeness for review in regard to the Reagan Tokes Act in, e.g., *State v. Downard*, 5th Dist. Muskingum, CT2019, 2020-Ohio-4227, appeal allowed, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1152, and has found the challenges to not yet be ripe for review.

{¶86} However, in the recent decision of *State v. Maddox*, 2022-Ohio-764, -- N.E.3d--, at ¶ 21, the Ohio Supreme Court found that the issue of the constitutionality of an indeterminate sentence imposed under R.C. 2967.271 ripens at the time of sentencing and that the law may be challenged on direct appeal. Having therefore found that a constitutional challenge to indefinite sentencing is ripe for review, we turn to appellant's constitutional argument and find none.

{¶87} Appellant summarily argues that his indefinite prison term is "unconstitutional;" his argument is devoid of any specific references to the record or citations to legal authority in support of an argument. See, *State v. Gulley*, 5th Dist. Stark No. 2006CA00114, 2008-Ohio-887, ¶ 12.

{¶88} Appellant has the burden of demonstrating an error on appeal. See, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Untied,* 5th Dist. No. CT2006-0005, 2007-Ohio-1804, at ¶ 141, quoting *State v. Taylor*, 9th Dist. No. 2783-M (Feb. 9, 1999). See, also, App.R. 16(A)(7).

{¶89} The constitutionality of indefinite sentencing has been challenged on several bases, but we are not at liberty to make appellant's arguments for him. "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *State v. Romy*, 5th Dist. No. 2020 CA 00066, 2021-Ohio-501, 168 N.E.3d 86, ¶ 35, citing *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, 2009 WL 1913281, at ¶ 14, internal citation omitted. Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Id.*, citing *Frye v. Holzer Clinic, Inc.*, 4th District Gallia No. 07CA4, 2008-Ohio-2194, at ¶ 12. *See, also*, App.R. 16(A)(7); App.R. 12(A)(2).

{¶90} Appellant's tenth assignment of error is therefore overruled.

## CONCLUSION

{¶91} Appellant's ten assignments of error are overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

[Cite as *State v. Swint*, **2022-Ohio-976.**]

By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.