[Cite as *State v. Pearson*, 2017-Ohio-8396.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| TYREE PEARSON | : | Case No. 2017CA00013 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Stark County Court
of Common Pleas, Case No.
2016CR1775

JUDGMENT:         Affirmed

DATE OF JUDGMENT:     October 30, 2017

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO         JACOB T. WILL
Prosecuting Attorney        116 Cleveland Ave NW, Suite 808
                Canton, Ohio 44702
By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

**{¶1}** Appellant Tyree Pearson appeals from the December 22, 2016 Judgment Entry of the Stark County Court of Common Pleas. Appellant was found guilty of one count of Felonious Assault and one Count of Domestic Violence and sentenced to an aggregate term of five years. Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** This case arose on September 12, 2016, when Appellant confronted Antoinette Law near the 12th Street Market in Canton, Stark County, Ohio and struck her with a piece of pavement.

**{¶3}** Antoinette Law and Appellant had known each other for approximately seven years prior to the assault.  They had lived together for a short time and the relationship ended less than two months prior to September 12, 2016.

**{¶4}** On September 12, 2016 Ms. Law walked to the 12th Street Market and saw Appellant in an alley, but they did not speak.   While in the Market she noticed Appellant outside the Market and when she left, he was shouting and threatening someone in the Market. Ms. Law attempted to calm Appellant, but she was unsuccessful and decided to leave the scene.  Appellant began to shout at her as she walked away.  As she walked from Appellant, Ms. Law saw him pick up a piece of the asphalt pavement. He struck her on the right ear with the piece of pavement and she fell to the ground.  Ms. Law's memory is not clear regarding the events immediately after she was struck, but she recalls voices, people near her and someone telling Appellant to move away from her.  She was able to stand and walk to a Circle K and call 911.  The Canton Police Department and the Medical Squad responded to the scene.

**{¶5}**   Ms. Law was transported to Aultman hospital where she was treated for a laceration to her right ear and scalp as well as a concussion.  The treating physician placed fifteen sutures and five staples in her ear and scalp to treat the wounds.  Ms. Law was discharged from the hospital and had no further treatment.  Her wounds have healed but she has scars in her scalp and right ear.

**{¶6}**   On, November 1, 2016, the Stark County Grand Jury indicted Mr. Tyree Pearson on one count of Felonious Assault (R.C. 2903.11(A) (1) and/or (A) (2)), alleging that on September 12, 2016, Appellant did knowingly cause serious physical harm to Ms. Antoinette Law and/or did cause or attempt to cause physical harm to Ms. Antoinette Law by means of a deadly weapon or dangerous ordnance. Appellant was also indicted on one count of Domestic Violence (R.C. 2919.25(A)) based on the same set of facts with the allegation that Appellant had previously pleaded guilty to or had been convicted of two or more violations of Domestic Violence.

**{¶7}**   Appellant entered pleas of not guilty and the matter proceeded to trial by jury. The State offered the testimony of Ms. Law and the arresting Officer, Michael Herrera.  Ms. Law confirmed that the Appellant struck her with a piece of pavement.  The state offered the testimony of Samuel Hoefler, an eye witness who confirmed that Appellant struck Ms. Law with a piece of pavement and that she fell to the ground. Mr. Heffler and Officer Herrera identified Exhibit 2 as the piece of pavement used in the assault.

**{¶8}**   The State offered Appellant's two prior convictions for domestic violence (RC 2919.25), the piece of pavement used in the assault, three photographs of the

wounds and the medical records regarding Ms. Law's treatment as exhibits, and without objection by Defendant, the exhibits were accepted into evidence.

{¶9}  After consultation with his counsel, Appellant testified on his own behalf at trial and presented no additional evidence.  Appellant admitted that he was at the 12th Street Market on September 12, 2016 trying to start a fight with someone in the Market with the intent to entice them to come into the alley.  He acknowledged that he had known Ms. Law for several years, had lived with her for a short time and that the relationship ended weeks prior to September 12, 2016.  He denies seeing her at the Market and specifically denied striking her.

{¶10} Upon cross-examination Appellant admitted the two prior domestic violence convictions as well as felony convictions for receiving stolen property, possession of cocaine and theft convictions in 2012 and 2013.

{¶11} The jury found Appellant guilty of felonious assault and domestic violence. The trial court sentenced Appellant to a prison term of five years for the felonious assault and thirty six months for the domestic violence, to be served concurrently

{¶12} Appellant now appeals from the judgment entries of conviction and sentence.

{¶13} Appellant raised one assignment of error.

{¶14} I.  APPELLANT'S CONVICTIONS WERE AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

{¶15} In his sole assignment of error, Appellant argues his conviction is against the manifest weight and sufficiency of the evidence.

{¶16} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, in which the Ohio Supreme Court held as follows:

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

{¶17} Pearson was convicted of Felonious Assault and Domestic Violence. To find Pearson guilty of felonious assault, the jury must find that Appellant did knowingly cause serious physical harm to Ms. Antoinette Law and/or did cause or attempt to cause physical harm to Ms. Law by means of a deadly weapon or dangerous ordinance. (R.C. 2903.11(A) (1) and/or (A) (2))

{¶18} Ohio Revised Code Section 2901.22(B) provides the definition of how and when a person acts knowingly:

A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is

a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶19} "Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Huff* (2001), 145 Ohio App.3d 555, 563, 763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel* (May 1, 1998), Montgomery App. No. 16221, 1998 WL 214606 *7, citing *State v. Elliott* (1995), 104 Ohio App.3d 812, 663 N.E.2d 412.

{¶20} Ms. Law testified that she attempted to calm an angry Appellant and when she began to walk away, Appellant picked up a piece of pavement and struck her. Mr. Hoefler witnessed Appellant strike Ms. Law. From this testimony the trier of fact could find beyond a reasonable doubt that Appellant acted with the knowledge that his action would cause a certain result.

{¶21} The jury must also find that Appellant knowingly caused serious physical harm to Ms. Law and/or that he knowingly caused or attempted to cause physical harm to Ms. Law by means of a deadly weapon.

{¶22} "Serious physical harm to persons" as defined in R.C. 2901.01(A) (5) (c) means "[A]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity."

{¶23} "Physical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration. R.C. 2901.01(A)(3) "Deadly weapon" means any instrument, device, or thing capable of inflicting death, and designed or

specially adapted for use as a weapon, or possessed, carried, or used as a weapon. R.C. 2923.11 (A)

**{¶24}** Ms. Law testified to suffering lacerations requiring fifteen sutures and five staples and noted that the wounds left scars. She also complained of suffering a concussion. That testimony, combined with the photographs and medical records provided sufficient evidence from which the jury could find she suffered serious physical harm. *State v. Combs*, 5th Dist. Stark No, 2001CA00222, 2002 WL 391688 (March 11, 2002)

**{¶25}** The piece of pavement described by Ms. Law and Mr. Hoefler was used and possessed by Appellant as a bludgeon and could be considered a deadly weapon capable of inflicting death. *State v. Thomas*, 5th Dist. Stark No. 2015CA000377 2015-Ohio-4932, ¶ 70-71 citing *In re J.T.*, 143 Ohio St.3d 516, 2015-Ohio-3654, 39 N.E.3d 124, *State v. Coleman,* 1st Dist. Hamilton No. C-900872, 1992 WL 45955, at *3 (Mar. 11, 1992) "The Committee Comments to R.C. 2923.11 provide that a deadly weapon is defined as "any device capable of causing death, and which is either designed or specially adapted for use as a weapon such as a gun, knife, billy or brass knuckles), or is carried, possessed, or used as a weapon (such as a rock or cane when used for offensive purposes)." *State v. Twinam*, 2nd Dist. Montgomery No 25153, 2013-Ohio-720 ¶13. Where the instrument involved is not a deadly weapon per se, the question of its capability as a deadly weapon is ordinarily one for the jury. *State v. Clark*, 2nd Dist. Clark No. 1298, 1979 WL 208322. *2 (May 23, 1979) There was sufficient evidence for the jury to determine that the piece of pavement was a deadly weapon and that Ms. Law suffered physical harm.

**{¶26}** Appellant was also convicted of Domestic Violence with the specification that he had previously been convicted of domestic violence on two occasions prior to the date of the current offense. The prior convictions were stipulated, so the jury's finding that the two prior convictions occurred is supported by the evidence. Because this count was based upon the incident that formed the basis for the charge of felonious assault, the issue of physical harm and whether Appellant acted knowingly has been resolved against Appellant and the only remaining issue is whether Ms. Law is a family or household member.

**{¶27}** Ms. Law testified that she had a long term relationship with Appellant, that they lived together for a short time and that the relationship had terminated weeks before the assault. Appellant corroborated her testimony regarding their relationship. The phrase "family or household member" is defined as:

(F) As used in this section and sections 2919.251 and 2919.26 of the Revised Code:

(1)     "Family or household member" means any of the following:

(a)     Any of the following who is residing or has resided with the offender:

(i)     A spouse, a person living as a spouse, or a former spouse of the offender;

**...**

(2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the

offender within five years prior to the date of the alleged commission of the

act in question.

**{¶28}** The testimony of Appellant and Ms. Law provided sufficient evidence that

Ms. Law cohabited with the "offender within five years prior to the date of the alleged

commission of the act in question" when they admitted they had lived together and Ms.

Law testified that the cohabitation occurred within two years of the date of the incident.

**{¶29}** We conclude that a reasonable person could have found beyond a

reasonable doubt that Pearson committed the crimes of felonious assault and domestic

violence. We hold, therefore, that the state met its burden of production regarding each

element of the crimes of felonious assault and domestic violence and, accordingly, there

was sufficient evidence to support Pearson's convictions.

**{¶30}** We now turn to Appellant's contention that the verdict was against the

manifest weight of the evidence. In determining whether a conviction is against the

manifest weight of the evidence, the court of appeals functions as the "thirteenth juror,"

and after "reviewing the entire record, weighs the evidence and all reasonable inferences,

considers the credibility of witnesses and determines whether in resolving conflicts in the

evidence, the jury clearly lost its way and created such a manifest miscarriage of justice

that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* 78

Ohio St.3d 380, 387, 678 N.E. 2nd 541 (1997) superseded by constitutional amendment

on other grounds as stated by *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997).

Reversing a conviction as being against the manifest weight of the evidence and ordering

a new trial should be reserved for only the "exceptional case in which the evidence weighs

heavily against the conviction." *Id.*

**{¶31}** Appellant's argument focuses on the credibility of the witnesses, but the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 231, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997) The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) citing State v. Nivens, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

**{¶32}** Based upon the foregoing and the entire record in this matter, we find that the jury neither lost its way nor created a miscarriage of justice in convicting Pearson of the charges and the verdict is not against the manifest weight of the evidence.  To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of the state's witnesses and Appellant. The jury heard the witnesses, evaluated the evidence, and was convinced of Pearson's guilt.

**{¶33}** Appellant's sole assignment of error is overruled.

{¶34} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed. Costs are assessed to Appellant.

By: Baldwin, J.

Gwin, P.J. and

Earle Wise, J. concur.