[Cite as *State v. Menifield*, 2024-Ohio-2981.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2023CA00137 |
| MAJOR ESSIX MENIFIELD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of Common Pleas, Case No. 2022 CR 2397

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 5, 2024

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

VICKI L. DESANTIS
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

ANTHONY P.A. RICH
101 Central Plaza South, Suite 500
Canton, Ohio 44702

*Hoffman, J.*

**{¶1}** Defendant-appellant Major Essix Menifield appeals the judgment entered by the Stark County Common Pleas Court convicting him following jury trial of domestic violence (R.C. 2919.25(A)(D)(4)) and felonious assault (R.C. 2903.11(A)(1)(D)(1)(a)), and sentencing him to a term of incarceration of six to nine years. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** The victim in the instant case had been involved with Appellant romantically for three years, and they lived together for around eighteen months. On August 12, 2022, the victim called 911 and reported she and Appellant had an altercation over a text message, during which Appellant grabbed her face, broke her glasses, poked at her face, and threatened to kill her or her daughter.

**{¶3}** On December 3, 2022, the victim went to Wal-Mart while Appellant was asleep on her couch. When she returned to the apartment, an argument with Appellant ensued, and he hit her in the mouth. When Canton Police Officer Mathew Machamer arrived, he observed the victim was bleeding from her mouth and was visibly upset. No medics were available to transport her to the hospital, so the officer drove the victim to the hospital himself. The victim had a through-and-through laceration of her lip, which required stitches on both the inside and outside to close, as well as bruising on her face.

**{¶4}** Appellant was indicted by the Stark County Grand Jury with two counts of domestic violence, one count of intimidation of a witness, and one count of felonious assault. Domestic violence was charged as felonies of the third degree, by virtue of two prior convictions: one of domestic violence, and one of aggravated trespass in which the

victim was a family or household member. The case proceeded to jury trial in the Stark County Common Pleas Court.

{¶5}   The victim testified she had no memory of the August 12, 2022 incident, even after reviewing her statement to police.   Appellant testified he was not present in the apartment on either occasion, and testified the victim was vindictive because he had been texting with other women.

{¶6}   The State dismissed the charge of intimidation of a witness, and the jury found Appellant not guilty of domestic violence with regards to the August 12, 2022 incident.  The jury found Appellant guilty of domestic violence, including the specification of two prior convictions, and guilty of felonious assault with regard to the December 3, 2022 incident.  The trial court convicted Appellant in accordance with the jury's verdict. The trial court found the convictions merged for sentencing, and sentenced Appellant on the felonious assault conviction to a term of incarceration of six to nine years.

{¶7}   It is from the September 21, 2023 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:


I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST APPELLANT, AND THE CONVICTIONS MUST BE REVERSED.

II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AND MUST BE REVERSED.

**I., II.**

**{¶8}** Appellant argues his convictions are against the sufficiency and manifest weight of the evidence because: (1) the State failed to prove the victim suffered serious physical harm, as required by R.C. 2903.11, and (2) the State failed to prove the victim of the prior conviction for aggravated trespass was a family or household member.

**{¶9}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

**{¶10}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).

**Serious Physical Harm**

**{¶11}** Appellant was convicted of felonious assault in violation of R.C. 2903.11(A)(1), which provides in pertinent part, "No person shall knowingly…[c]ause serious physical harm to another." R.C. 2901.01(A)(5) defines "serious physical harm" as follows:

(5) "Serious physical harm to persons" means any of the following:

(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(b) Any physical harm that carries a substantial risk of death;

(c) (Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

**{¶12}** This Court has previously noted the degree of harm which rises to level of "serious" physical harm is not an exact science, given the definition uses terms such as "substantial," "temporary," "acute" and "prolonged." *State v. Holsinger*, 2017-Ohio-1378, ¶35 (5th Dist.). The extent or degree of a victim's injuries is "normally a matter of the weight rather than the sufficiency of the evidence." *Id.*

**{¶13}** A scar is a permanent disfigurement. *See State v. Edwards*, 83 Ohio App.3d 357, 360 (10th Dist. 1992)(where victim received cut above eye, resulting in permanent scar, jury could reasonably find the victim sustained some permanent disfigurement constituting serious physical harm); *State v. Ward* , 2011–Ohio–608, ¶ 15 (10th Dist.) (permanent scars caused by the defendant splashing boiling water on the victim was

serious physical harm); *State v. Jamhour*, 2006–Ohio–4987, ¶ 11  (10th Dist) (scarring is a permanent disfigurement and evidence supported finding of serious physical harm; *Holsinger, supra* (scar resulting from cut caused by striking the victim with a ceramic planter constitutes serious physical harm).

**{¶14}**  In addition, this Court has recognized an injury requiring staples or stitches constitutes serious physical harm:

Goheen described 12 staples in his head which were removed a week later. He suffers from ongoing headaches as a result of this incident. The physician assistant who treated Goheen at the hospital described the wound as long, wide, and deep; if Goheen had not sought treatment, he could have sustained a loss of his scalp and hair. This type of wound presents a risk of infection. This testimony, combined with the photographs and medical records, provided sufficient evidence from which the jury could find Goheen suffered serious physical harm. *State v. Pearson*, 5th Dist. Stark No. 2017CA00013, 2017-Ohio-8396, ¶ 24, *citing State v. Combs*, 5th Dist. Stark No, 2001CA00222, 2002 WL 391688 (March 11, 2002). Appellant's argument that twelve staples to the head is not evidence of serious physical harm is not well-taken. *See, e.g., State v. Brime*, 10th Dist. Franklin No. 09AP-491, 2009-Ohio-6572, ¶ 34 [gash to the head closed with stitches]; *State v. Reckers*, 1st Dist. No. C-060451, 2007-Ohio-3679, ¶ 16 [cuts and abrasions to head and face requiring staples and resulting in scar]; *State v. Brown*, 9th Dist. No. 04CA008510, 2005-Ohio-2141, ¶ 16–17[victim

hit in head with handgun resulting in profuse bleeding from scalp necessitating staples]; *State v. Studgions*, 8th Dist. Cuyahoga No. 94153, 2010-Ohio-5480, ¶ 10 [need for stitches constitutes serious physical harm for purposes of a felonious assault conviction]; *State v. Powell,* 11th Dist. Lake No. 2007-L-187, 2009-Ohio-2822, ¶ 44-45 [serious physical harm where victim struck on the back of the head with beer glass, resulting in gash requiring eight stitches].

{¶15} *State v. Swint,* 2022-Ohio-976, ¶ 63 (5th Dist.).

{¶16} The State presented evidence through the testimony of the victim, the nurse who treated the victim at the hospital, and the victim's medical records demonstrating the victim had a wound which went completely through her lip, requiring stitches both on the inside and outside to close the wound. The victim was left with a scar on her lip from the injury. We find the State presented sufficient evidence to demonstrate the victim suffered a serious physical injury as a result of the blow from Appellant, and the judgment was not against the manifest weight of the evidence.

### Prior Conviction

{¶17} Appellant was convicted of domestic violence as a third-degree felony. To elevate the offense to a felony of the third degree pursuant to R.C. 2919.25 and the indictment filed in the instant case, the State had to demonstrate Appellant had previously pled guilty or been convicted of two or more (a) offenses of domestic violence, or (b) violations of R.C. 2911.211 (aggravated trespass) where the victim was a family or household member at the time of the offense. R.C. 2919.25(F) defines "household

member" to include a person living as a spouse of the offender, and a person is deemed to be living as a spouse of the offender if the person has cohabitated with the offender within five years prior to the date of the alleged commission of the act in question.

{¶18} Appellant stipulated to the admission of the certified copies of the two prior judgment entries of conviction. However, he now argues the judgment entry convicting him of aggravated trespass did not include the name of the victim, and the State failed to prove the victim of the aggravated trespass conviction was a family or household member.

{¶19} The judgment entry convicting Appellant of aggravated trespass in 2020 includes language ordering Appellant to have no contact with K.M. From this language, the jury could find K.M. was the victim of the offense. On cross-examination, Appellant testified as follows regarding K.M. and the prior conviction:

Q. All right. And then you also have a – well, first of all, let me ask you who is a [K.M.]; a past relationship?

A. Yes.

Q. Okay. And you guys had lived together previously as well, correct?

A. Prior to me and [the victim], yes.

Q. Okay. As girlfriend and boyfriend?

A. Indeed.

Q. Okay. All right. And you have a prior conviction for aggravated trespass on December 15, 2020, in the Court of Common Pleas; I believe that one was on about December 15?

A. All on my own property, yes. Yes, I did plead guilty because I was in the county jail for 55 days –

[DISCUSSION WITH TRIAL JUDGE OMITTED]

Q. And for the record, that was a family household member being [K.M.], correct?

A. Indeed, yes.

**{¶20}** Tr. (II) 218-219.

**{¶21}** The incident in this case occurred on December 3, 2022. The victim testified she had been romantically involved with Appellant for about three years, and lived with him for around a year and a half. Appellant testified he lived with K.M. before he lived with the victim in the instant case, and was involved in a romantic relationship with K.M. From this testimony, we find the jury could conclude K.M. had lived as the spouse of Appellant within five years of the offense of aggravated trespass to which he pled guilty in 2020. We find the judgment convicting Appellant of a third-degree felony based on his two prior convictions is not against the manifest weight and sufficiency of the evidence.

{¶22} The first and second assignments of error are overruled.  The judgment of the Stark County Common Pleas Court is affirmed.


By: Hoffman, J.

Delaney, P.J.  and

Baldwin, J. concur